CARLTON, J.,
dissenting:
¶ 21. I respectfully dissent from the majority’s opinion. I embrace the analysis set forth in the post-trial opinion and order of the trial judge wherein he denied TJ’s and Holder’s motion for a judgment notwithstanding the verdict (JNOV) or a new trial. The opinion and order specifically addressed the alleged error raised on appeal regarding instruction D-l.
¶ 22. The trial court’s post-trial opinion and order provides that instruction D-l and TJ’s and Holder’s instruction AP-2 both define unjust enrichment in essentially the same way — possession by one person of money or property that belongs to another. The trial court acknowledged that instruction AP-2 instructed the jury that Jefcoat was not authorized to make loans to himself and to take profits out of the business. The trial court explained that instruction D-l relates authority to unjust enrichment, just as instruction AP-2 does, but instruction D-l left it to the jury to find unjust enrichment based on a finding of lack of authority. The trial court, citing Franklin Corp. v. Tedford, 18 So.3d 215, 240 (¶ 52) (Miss.2009), then provided that “the law requires that all instructions be read together,” and that “defects in one instruction do not require *1080 reversal where all instructions taken as a whole fairly — although not perfectly — announce the applicable primary rules of law.” The trial court determined that the jury instructions in this case fail to warrant a new trial.
¶ 23. In applying the law regarding a motion for a JNOV, the trial court cited Solanki v. Ervin, 21 So.3d 552, 568, 569 (¶¶41, 45) (Miss.2009), and held that it “could not say that the evidence was so indisputable, or so deficient, that the necessity of a trier of fact had been obviated.” The trial court therefore determined that it would “not go behind the jury to find otherwise.” The trial court also applied the law applicable to motions for new trials, recognizing the motion for a new trial in the present case appeared to be primarily based upon errors related to jury instructions. The trial court found no merit to TJ’s and Holder’s claims that confusion resulting from an absence of particular jury instructions warranted a new trial. The trial court determined that “the jury was left to decide only what, if anything, Jefcoat owed TJ’s, and the jury was instructed upon two possible bas[es] for Jefcoat’s liability — unjust enrichment and breach of his duty to act with good faith and fair dealing toward TJ’s.” As explained by the trial court, the fact that “the jury did not find in favor of [TJ’s and Holder’s] on either of those theories does not now lead ... to the conclusion that the jury’s failure to do so was the fault of the instructions, especially since [TJ’s and Holder’s] offered instructions on those theories were given.” The trial court also recognized that jurors are presumed to follow the judge’s instructions. See Ivy v. G.M. Acceptance Corp., 612 So.2d 1108, 1113 (Miss.1992).
¶ 24. Citing Busick v. St. John, 856 So.2d 304, 310 (¶ 17) (Miss.2003), the trial court concluded that “after considering all of the evidence, resolving all conflicts, and determining all reasonable inferences in Jefcoat’s favor,” it could not “find that a new trial was required on the basis that the weight of the evidence was so overwhelming[ly] in favor of [TJ’s and Holder’s] that ‘no reasonable hypothetical juror could have found as the jury found.’ ” I agree with the analysis of the trial court and would therefore affirm.
ISHEE, J., JOINS THIS OPINION.